```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
   FORT WAYNE DIVISION
```

| | | |
|---|---|---|
| BHARAT H. BARAI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:10cv141 |
| | ) | |
| INDIAN NATIONAL OVERSEAS | ) | |
| CONGRESS USA INC., | ) | |
| SURINDRA MALHORTA and | ) | |
| SHELDON KARASIK, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants on July 2, 2010. The plaintiff, Bharat H. Barai ("Barai"), filed his response on July 16, 2010, to which the defendants replied on July 23, 2010.

For the following reasons the motion to dismiss will be granted.

Discussion

Barai, an Indian expatriate, is an Indiana physician. Defendant Indiana National Overseas Congress USA Inc ("INOC"), is a not-for-profit corporation incorporated under the laws of the State of New York. Defendant Surindra Malhotra ("Malhotra") is a citizen of the State of New York and is the Chief Executive Officer of INOC. Defendant Sheldon Karasik ("Karasik"), an attorney, is a citizen of the State of New York.

According to the Complaint, on October 6, 2007, a full page advertisement was published in the New York Times criticizing Sonia Gandhi, who has been the President of the Indian National Congress Party and is the widow of Rajiv Gandhi, the former Prime Minister of India.

On April 7, 2008, Barai was served at his medical office in the Town of Merrillville,

State of Indiana, with a complaint filed by INOC in a New York state court, alleging that Barai and two other persons (Kataria and Sahani) were liable for defamation. The complaint alleged that Barai(along with Kataria and Sahani) were responsible for the placement of the advertisement in the New York Times. The lawyer for the INOC in the New York civil action was Karasik.

Upon receipt of the summons and complaint on April 7, 2008, Barai wrote to Karasik explaining that he had absolutely no involvement with the advertisement and should not have been named in the New York civil action.

Barai alleges in his current complaint that the filing of the New York civil action received widespread national and international attention. Barai further alleges that defendants Malhotra and Karasik made public statements that linked Barai to Kataria and Sahani and to the allegedly false and defamatory statements contained in the advertisement. Barai states that he was compelled to secure the services of a lawyer to convince INOC and Karasik that, as to him, the allegations in the New York civil action were both false and frivolous.

On April 28, 2008, INOC filed a notice of dismissal of Barai as a defendant in the New York civil action. Barai has now filed his own lawsuit in this court, alleging abuse of process, malicious prosecution, and defamation. The defendants have now moved to dismiss Barai's suit, arguing that this court lacks personal jurisdiction over the defendants, that Barai's complaint fails to state a cause of action for abuse of process, defamation or malicious prosecution.

The court will first consider whether personal jurisdiction over the defendants is present. Establishing jurisdiction is a burden imposed upon the plaintiff. Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010); Litmer v. PDQUSA.COM, 326 F.Supp.2d 952, 954 (N.D. Ind. 2004). If

the issue of jurisdiction is raised by a motion to dismiss and decided on the basis of written materials, the plaintiff need only make a prima facie showing of jurisdictional facts in order to establish personal jurisdiction. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003).

All uncontroverted allegations of the complaint are taken as true, and any factual conflicts in any of the affidavits shall be taken in plaintiff"s favor. Id.; Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002). Approximately six years ago, Indiana"s long arm statute was extended so that an Indiana state court could exercise jurisdiction on any basis not inconsistent with the Constitution of the State of Indiana or the United States. Ind. Trial Rule 4.4(A). Prior to the amendment, there was a two-step process by which Indiana courts would establish the appropriate jurisdictional nexus. Anthem Insurance Company, Inc. v. Tenet Healthcare Corporation, 730 N.E.2d 1227 (Ind. 2000). After the amendment, the appropriate inquiry is whether or not jurisdiction comports with due process. Litmer, 326 F.Supp.2d at 955; Anthem, 730 N.E.2d at 1233.

The Fourteenth Amendment's due process clause permits personal jurisdiction in any state with which that person has "certain minimum contacts…such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Calder v. Jones, 465 U.S. 783, 788 (1984), citing Milliken v. Meyer, 311 U.S. 457, 463 and International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L. Ed. 95 (1945). The court's focus is upon the relationship among the defendant, the forum and the litigation in determining whether minimum contacts exist. Id., citing Schaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L. Ed. 2d 683 (1977). Further, each defendant must have purposefully established minimum

3

contacts with the forum state so that they could reasonably anticipate being haled into that forum's court. Tamburo, 601 F.3d 693, 701, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L. Ed. 2d 528 (1985). The minimum contacts requirement ensures non-residents that they have fair warning that a particular activity may subject them to litigation within a particular forum. Litmer, 326 F.Supp.2d at 955. In that respect, the courts find two types of jurisdiction, general and specific. Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 414-15, 104 S.Ct. 1868, 80 L. Ed. 2d 404 (1984).

In order to impose general jurisdiction upon a defendant, that defendant must have continuous and systematic contacts with the forum state court, even if those contacts bear no relation to the cause at issue. Litmer, 326 F.Supp.2d at 956. The bar is set high in order to exercise general jurisdiction, and the contacts must be sufficiently extensive and pervasive to approximate physical presence. Tamburo, 601 F.3d at 701. Conversely, specific jurisdiction can rely upon a single act if it creates a substantial connection with the forum state. Id.

In order to exercise specific personal jurisdiction, the defendant's contacts must directly relate to the challenged conduct underlying the claim made in plaintiff's complaint. 601 F.3d at 701. Thus, specific personal jurisdiction is appropriate where the defendant has directed his activities at the forum state and the alleged injury arises out of the defendant's forum related activity. Id., citing Burger King, 471 U.S. at 472, 105 S.Ct. 2117. When the claim is one for intentional tort, the inquiry focuses on whether the conduct underlying the claim was directed at the forum state. Id. at 702.

The defendants assert that applying these cases to the plaintiff's complaint in the present proceeding leads to the inescapable conclusion that this matter should be dismissed.

The defendants argue that a case paralleling the present is Nelson v. Bulso, 149 F.3d 701 (7th Cir. 1998). There, the issue was whether a Wisconsin court could exercise jurisdiction over a Tennessee lawyer based upon alleged torts committed by that lawyer within the State of Wisconsin, i.e. malicious prosecution, abuse of process, and defamation. In Nelson, a Tennessee attorney sent correspondence to a local district attorney alleging that certain actions may have constituted a criminal violation under Tennessee law. The attorney further explained that if the district attorney was under the impression that a violation of a criminal statute applied, then his client would be willing to press charges. Id. at 702-703. Thereafter, an arrest warrant was issued based upon grand jury indictment and upon issuance of a warrant from the State of Tennessee, and in turn, the Wisconsin plaintiff was arrested. Id. at 703. After an overnight stay in the county facilities, but prior to extradition, the Tennessee district attorney terminated prosecution and thereafter an appeals court vacated the civil judgment. Id. A complaint was then filed in a Wisconsin state court based upon malicious prosecution, abuse of process, and defamation. Id.

In determining that no personal jurisdiction existed over the Tennessee resident, the Seventh Circuit determined that in regards to the malicious prosecution claim, that the defendant initiated all legal proceedings in the State of Tennessee and that the extradition proceedings and arrest in Wisconsin were solely a part of those legal proceedings which had commenced in Tennessee. Id. at 704. Likewise, the act alleged in the abuse of process count all occurred in Tennessee. The court found the same true of the alleged false statements and publication at issue in the defamation count. Id.

The defendants also cite to Wallace v. Herron, 778 F.2d 391 (7th Cir. 1985). In Wallace, an Indiana resident sued three California attorneys and a California professional corporation for

5

malicious prosecution in an Indiana court based upon a prior lawsuit in California. 778 F.2d at 392. The issue decided by the Seventh Circuit on appeal was whether the district court's ruling dismissing the case for failure of personal jurisdiction was appropriate.

The Seventh Circuit first determined that the Fourteenth Amendment's due process clause limits State power to assert in personam jurisdiction over non-residents. Id. at 393, citing Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565 (1877). The court then addressed the plaintiff's contention that Indiana courts had specific in personam jurisdiction because the case was related to or arose out of the defendant's contact with the forum. Id. The Seventh Circuit determined that the individual attorney defendant, as well as their professional corporation, lacked the necessary minimum contacts to exercise in personam jurisdiction over the defendants. Id. at 394. The court noted that one of the defendants had come to the State of Indiana on one occasion to take depositions but was a resident of the State of California and had never conducted any business in the State, nor had ever been licensed to practice in the State of Indiana. Id. Thus, the Seventh Circuit determined that as to that defendant (Gulick), in personam jurisdiction was inappropriate. Id. The remaining defendants had even less contact with the State. Neither had set foot within the State, conducted business within the State, or been licensed to practice in the State of Indiana. Id. In response to the plaintiff's argument that the attorneys had served interrogatories, requests for production, and caused the plaintiff to respond to five complaints in the State of Indiana, the court determined that these events were not sufficient to exercise in personam jurisdiction based upon such attenuated contact. Id.

Significantly, the Seventh Circuit distinguished Calder v. Jones, 465 U.S. 783, upon which the plaintiff relied. The Seventh Circuit noted that Calder does not stand for the

6

proposition that any plaintiff may bring a defendant into the plaintiff's home state merely by alleging an intentional tort, if that defendant has no contacts to the state forum. Id. at 394. The Seventh Circuit reasoned that by accepting the plaintiff's argument, the traditional due process protection for out-of-state defendants would be undercut significantly. Id. at 395. In essence, the Seventh Circuit ruled that the general rule pertaining to intentional torts would swallow the due process analysis whole, rendering it meaningless. Id. The Seventh Circuit reasoned that a defendant must still avail himself of the privilege of conducting activities within the forum state and invoke its benefits and privileges in order to be subjected to jurisdiction. Id., citing Burger King, 105 S.Ct. at 2183 (quoting Hansen v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L. Ed. 2d 1283 (1958)). The Seventh Circuit further reasoned that the principle of Calder is that the effects of the intentional tort are to be assessed as part of the analysis in determining the relevant contacts of the defendant within the forum and whether those effects alone or in combination with other contacts support in personam jurisdiction. Id. The Seventh Circuit ultimately determined that the contacts with Indiana were so attenuated that due process would be violated by exercising in personam jurisdiction over those defendants. Id.

The defendants argue that applying the above principles to the instant proceeding belies Barai's contention that this court has in personam jurisdiction. The defendants assert that Paragraphs 2 through 4 of the Statement of Jurisdiction in Barai's Complaint show the lack of any nexus between the corporate and individual defendants with Indiana. The defendants point out that nowhere in the balance of the Complaint does it provide a basis for any contacts by any of the defendants with the forum state, in this instance Indiana. The only potential foray into the State of Indiana is recited in rhetorical paragraph 10 of the Factual Background in which Barai

7

alleges that he was served with a complaint at his office in the Town of Merrillville in the State of Indiana. Although the Complaint does state that the New York action received wide-spread national and international attention, it does not recite that any of that attention occurred within the State of Indiana, or that the Defendants had any control or direction of any attention to the State of Indiana, and specifically to Plaintiff, Bharat Barai.

According to the Complaint, the defendants allegedly initiated legal proceedings against Barai only in the State of New York. Furthermore, the overt acts alleged in Barai's abuse of process claim likewise only took place in the State of New York. The same is true of the alleged false statements and publication at issue in Barai's defamation claim. Further, the defendants' only arguable contacts with Indiana are the legal papers served on Barai in Indiana. See, Wallace, 778 F.2d at 395. The New York civil action was filed in a New York court at the request of New York client. Id. Thus, the defendants conclude that no action has been taken which would create the necessary connection with Indiana for the defendants to reasonably anticipate being haled into court in Indiana. Id.

Barai, however, contends that personal jurisdiction is present because defamatory statements injure an individual's reputation, which injury occurs in the state where the individual is present. Barai relies on Rice v. Nova Biomedical Corp., 38 F.3d 909, 916 (7th Cir. 1995), Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club, Limited Partnership, 34 F.3d 410 (7th Cir. 1994), and on Calder v. Jones, supra. However, Barai's reliance on these cases is misplaced.

Rice addressed the question of which choice of law rules applied and personal jurisdiction was not an issue in the case. Moreover, the facts are very disparate such that Rice

8

has no application to the present case. In <u>Indianapolis Colts</u>, the National Football League and the Indianapolis Colts brought suit for trademark infringement against the Canadian Football League's new team in Baltimore, the Baltimore Colts. 34 F.3d at 411. The Seventh Circuit held that the mere fact that the defendant allowed the national broadcast of its allegedly trademark infringing name and insignia was sufficient to establish minimum contacts in Indiana. <u>Id</u>. at 412. Barai argues that in the present case, even though the defendants may not have controlled the distribution of their statements, the defendants nevertheless made the defamatory statements to reporters and the news media with full knowledge that Barai would be injured in Indiana. However, as explained in <u>Novelty, Inc. v. RCB Distributing, Inc.</u>, 2008 WL 2705532 (S.D. Ind. 2008), the Seventh Circuit utilizes an "effects test" which requires the intentional infliction of some harm to the plaintiff in the forum state. <u>Id</u>. at *3. Without intentional actions causing foreseeable harm in the forum state, no personal jurisdiction exists. <u>Id</u>. See also <u>RAR, Inc. v. Turlow Diesel, Ltd.</u>, 107 F.3d 1372, 1278 (7th Cir. 1997). Barai alleges in his complaint that the New York civil action was instituted "solely to embarrass, humiliate and degrade Dr. Barai as well as subject him to ridicule, shame and scorn within the Indian community specifically..." Barai has not alleged that the defendants intended to inflict harm upon him in the forum state.

In <u>Calder</u>, it was important that the "focal point both of the story and of the harm suffered" was California. In the present case, the defendants pursued a lawsuit against several individuals and did not write a story for nationwide publication, thus the focal point of the New York litigation was not in Indiana. As the defendants note, Barai has not alleged in his complaint that this case involves a national publication, nor has Barai alleged that there was ever a publication of the allegedly defamatory statements in Indiana. Barai's complaint simply alleges

9

that the filing of the civil action was reported in certain (primarily non-domestic) publications. Although Barai claims to have been harmed in Indiana, this result clearly does not establish minimum contacts between the defendants and Indiana sufficient to comport with due process.

Even if personal jurisdiction over the defendants existed, it is clear that Barai's complaint fails to state a cause of action and should be dismissed.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. Whirlpool Fin. Corp. v. GN Holdings, Inc., 67 F.3d 605, 608 (7th Cir. 1995).

To prevail on a motion to dismiss, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." Gomez v. Ill. State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Under Federal Rules of Civil Procedure 8(a) the plaintiff need only "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim" Scott v. City of Chi., 195 F.3d 950, 951 (7th Cir. 1999), and the "grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must provide more than labels and conclusions, a formulaic recitation of the elements of a cause of action, or facts that do not raise a right to relief above the speculative level. Bell Atl. Corp., 550 U.S. at 555. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Id. at 570 (stating that plaintiffs must nudge their claims across the line from conceivable to plausible). "A claim has facial plausibility when

the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). A count may also be dismissed under Rule 12(b)(6) if it includes particulars that show the plaintiff cannot possibly be entitled to the relief he seeks. Thomas v. Farley, 31 F.3d 557, 558–59 (7th Cir. 1994).

The basis of Barai's abuse of process claim is that he was falsely linked to an advertisement, and that the New York civil action was filed for an improper purpose, specifically to harass opponents of Sonia Ghandi. In Indiana, an abuse of process claim

> "requires a finding of misuse or misapplication of process for an end other than that which it was designed to accomplish. The purpose for which the process is used is the only thing of importance." Display Fixtures Co. v. R.L. Hatcher, Inc., 438 N.E.2d 26, 31 (Ind. Ct. App. 1982). As the U.S. Supreme Court noted in a case reviewing a claim brought under 42 U.S.C § 1983 by an Indiana inmate, "The gravamen of [abuse of process] is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." Heck v. Humphrey, 512 U.S. 477, 486 n. 5 (1994).

Nat'l City Bank, Ind. v. Shortridge, 689 N.E.2d 1248, 1252 (Ind. 1997). It is well established that abuse of process requires a finding of misuse or misapplication of process to accomplish an end other than that for which it was designed. Watson v. Auto Advisors, Inc., 882 N.E.2d 1017, 1029 (Ind. App. 2005) citing National City Bank, Ind. v. Shortridge, 689 N.E.2d 1248, 1252 (Ind. 1997), opin. supp. 691 N.Ed.2d 1210 (Ind. 1998). There are only two essential elements to the tort of abuse of process. First, there must be an ulterior purpose; and second, there must be a willful act in the use of process which is not proper in the regular conduct of the proceeding itself. Id., citing Town of Orland v. Nat'l Fire and Casualty Co., 726 N.E.2d 364, 371 (Ind. App. 2000). Intent is irrelevant if a party's acts are procedurally and substantively proper and that party may not be held liable if the legal process used to accomplish an outcome was that for

which the process was designed. Id., Lake County Trust Co. v. Wine, 704 N.E.2d 1035, 1040-41 (Ind. App. 1998), Comfax v. North American Van Lines, 638 N.E.2d 476, 481 (Ind. App. 1994).

A review of Barai's complaint reveals that the requisite allegations have not been made to support a claim of abuse of process. In order to maintain a cause of action, Barai would have to allege that process within the legal proceeding was used for a purpose other than that which it was designed. Based upon all of the allegations in the Complaint, the only process issued was a Summons and Complaint which was served upon Barai. However, that process did exactly what it was intended procedurally to do, that is, commence a lawsuit through service of summons. Reichhart v. City of New Haven, 674 N.E.2d 27, 31 (Ind. App. 1996), trans. denied, 683 N.Ed.2d 593 (Ind. 1997).

In Reichhart, the Indiana Court of Appeals stated:

> This court has determined that a party may not be liable for abuse of process where legal process has been used to accomplish an outcome which the process was designed to accomplish. "A party's intent is irrelevant where his acts are procedurally and substantively proper under the circumstances." Comfax Corp. v. North American Van Lines, Inc., 638 N.E.2d 476, 485 (Ind. Ct. App.1994). Put another way, "there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Groen v. Elkins, 551 N.E.2d 876, 878–79 (Ind. Ct. App. 1990), trans. denied. The views expressed in Comfax and Groen on this subject are the prevailing views and we reaffirm the principles expressed therein. Namely, an abuse of process claim contains two distinct elements, and a party must first establish that the defendant employed improper "process" before the court proceeds to an examination of the defendant's motivation.

Id.

Barai argues that the legal process was the lawsuit and not just the summons, and that the lawsuit was used for the purpose of harassment and not for the purpose of redressing legal wrongs. However, Barai is reading the term "process" too broadly. As used in "abuse of

12

process" the term "process" clearly means a summons, writ, mandate, etc. For example, if Barai had been served with a false summons for the purpose of intimidating him or gaining some sort of legal advantage, then that would be an abuse of process. The allegations in the complaint simply do not support any type of abuse of process claim.

The defendants have also argued that Barai has failed to state a viable cause of action based upon defamation. In his complaint, Barai alleges that:

> 39. Defendants, INOC, Malhotra and Karasik made statements in the media incident to the institution of the New York civil action that falsely and maliciously attributed the statements contained in the advertisement to Dr. Barai. For instance, Malhotra, as Chief Executive Officer of INOC, has repeatedly stated, of an [sic] concerning Dr. Barai, that "when my leader is being defamed, it is my moral duty to protect her honor." Br. Barai never defamed Sonia Gandhi and Malhotra falsely asserted that he had done so.
>
> 40. The Tribune, Chandigash, India, has an article about the New York civil action written by Ashish Kumar Sen. Sen has confirmed that Karasik has stated to him that Dr. Barai is "linked to the websites listed in the ad and to anti-Sonia propaganda" and Malhotra has told him that "he left it to his attorneys to determine who was behind the ad."

Barai claims that the statements as alleged in the complaint imply that Dr. Barai made defamatory statements and explicitly convey that Barai is linked to other negative anti-Sonia propaganda. However, in Paragraph 7 of his Complaint, Barai states that "a full page advertisement was published in the New York Times <u>criticizing</u> Sonia Gandhi..." (Emphasis added). There is nothing in the Complaint to support the assertion that Sonia Gandhi was ever defamed, and thus Barai's claim that he has been defamed by being linked to the statements criticizing Sonia Gandhi fails. There are simply no allegations of defamatory statements being made anywhere. Criticism of someone is not necessarily defamation, and being accused of criticizing someone, without more, does not support a defamation claim.

Finally, the defendants argue that Barai fails to state a cause of action for malicious prosecution. A valid claim for malicious prosecution must allege:

1. The defendant has instituted or caused to be instituted an action against the plaintiff;

2. The defendant has acted with malice in doing so;

3. The defendant has no probable cause to institute the action; and

4. The original action was terminated in the plaintiff's favor.

City of New Haven v. Reichhart, 748 N.E.2d 374, 378 (Ind. 2001).

Indiana holds that when a reasonably intelligent and prudent person would be induced to act as that person did in fact act, he has probable cause. The defendants argue that Barai's own attachments to his Complaint controvert the allegations his malicious prosecution claim. Attached as page 7 to Exhibit 2 of Barai's Complaint is the Verification by Dr. Surindra Malhotra that the allegations contained in the Complaint were true to the best of his knowledge and belief. This, as a matter of law, establishes the probable cause upon which Attorney Karasik relied. Barai has made no allegations against Karasik that he knew that the Verification was false or incomplete, nor is there any evidence that in fact that was the case. Thus, the malicious prosecution claim must be dismissed.

Accordingly, for all the foregoing reasons, the motion to dismiss will be granted.

## Conclusion

On the basis of the foregoing, the defendants' motion to dismiss [DE 13] is hereby GRANTED.

Entered: September 13, 2010.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court